

IT IS ORDERED as set forth below:

Date: July 24, 2018

Paul W. Bonapfel
U.S. Bankruptcy Court Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE : | : | Chapter 11 |
| | : | |
| KENNETH ALAN SARGENT, | : | Case No. 15-41550-pwb |
| Debtor. | : | |
| _____ | : | |
| | : | |
| KENNETH ALAN SARGENT, | : | Motion to Reopen Bankruptcy |
| Movant, | : | Case [157] and Motion To Avoid |
| vs. | : | Lien and to Determine Extent and |
| | : | Validity and Damages [160] |
| HAMILTON STATE BANK and SALLY A. | : | |
| SARGENT, | : | |
| Objectors. | : | |
| _____ | : | |
| | : | |
| SALLY A. SARGENT, | : | |
| Objector, | : | Motion to Enforce Class 10 |
| vs. | : | Injunction [175] |
| | : | |
| KENNETH ALLEN SARGENT, | : | |
| Respondent. | : | |
| _____ | : | |
| HAMILTON STATE BANK and SALLY A. | : | |
| SARGENT, | : | |
| Objectors, | : | Objections to Debtor's Claims of |
| vs. | : | Exemption [175, 177] |
| | : | |
| KENNETH ALLEN SARGENT, | : | |
| Respondent. | : | |
| _____ | : | |

**ORDER ON CONTESTED MATTERS**

After confirmation[1] of the Chapter 11 Plan[2] of the debtor, Kenneth Allen Sargent, entry of a Final Decree,[3] and closing of this case,[4] Mr. Sargent moved to reopen it to deal with disputes concerning entitlement to the net proceeds of $ 77,894.26 from the post-bankruptcy sale of his residence.  The funds have been escrowed pending resolution of the dispute.

Mr. Sargent contends that he is entitled to the funds because they are the proceeds from the sale of an exempt asset that cannot be subjected to the payment of his debts under 11 U.S.C. § 522(c).[5]  With regard to a judicial lien on the residence held by Hamilton State Bank, Mr Sargent asserts that the bank did not retain its lien under the plan and that confirmation of the plan vested the residence in him free and clear of the lien under §1141(c).  Alternatively, he contends that the plan reserved his right to avoid it under 11 U.S.C. § 522(f), and he now seeks to do so.

Mr. Sargent seeks to reopen this case to obtain this relief in his Motion to Reopen Bankruptcy Case Pursuant to 11 U.S.C. § 350(b) [157] and his Motion to Avoid Lien Pursuant to 11 U.S.C. § 1141(b) and 11 U.S.C. § 522(f) & Motion to Determine Extent and Validity and Damages. [160].  In support of his position, Mr. Sargent filed an amendment to Schedule C.[6] [170].

---

[1] Order Confirming Plan (September 22, 2016) [144].
[2] First Amended Plan of Reorganization Filed by Kenneth A. Sargent (July 29, 2016) and Modification to Amended Plan of Reorganization (September 9, 2016) [142].
[3] Final Decree (March 30, 2017) [155].
[4] Docket Entry March 30, 2017.
[5] Mr. Sargent also appears to contend that his current wife is entitled to 50 percent of the net proceeds on the ground that she held an equitable interest in the residence. [174 at 1, 17-20]. Mr. Sargent made no such contention in his schedules, his plan, or his disclosure statement.  His current wife has not appeared in this Chapter 11 case.  Specifically, she has not appeared to assert her interest in connection with the matters now before the Court.  The Court will not, and does not, adjudicate her interest in the residence or the net proceeds from its sale.
[6] In his Schedule C as originally filed [1 at 14] and amended prior to confirmation [31-1 at 4], Mr. Sargent claimed the value of his claimed exemption as $ 35,000, representing his equity in

Hamilton State Bank contends that it retained its judicial lien on the residence under the plan (set forth in Plan § 4.5 [127 at 14] and its Exhibit A [127 at 32-37]) and that it is entitled to the proceeds. The bank opposes reopening of the case and the avoidance of its judicial lien on the residence [169] and has renewed its objection to Mr. Sargent's claim of exemptions that it had timely filed prior to confirmation but was not heard or resolved. [177].

Sally A. Sargent, Mr. Sargent's former wife, is a guarantor of the debt to the bank. Under the terms of a Final Judgment and Decree of Divorce, Mr. Sargent is obligated to hold Ms. Sargent harmless and to indemnify her from any liability to the bank. The Plan provides for treatment of her Class 10 claim in § 4.10. [127 at 15-17 and 142 at 2].

Ms. Sargent observes that § 4.10 of the plan enjoins Mr. Sargent from selling any of his property unless the net proceeds are used to pay the bank's debt (and, thereafter, other obligations owed to her). She contends that, under this provision, Mr. Sargent must use the net proceeds from the sale of the residence to reduce the debt to the bank.

Ms. Sargent requests that the Court enforce this injunction by requiring payment of the net proceeds to the bank. [175, ¶¶ 32-36 at 9-11; 12]. Ms. Sargent also opposes avoidance of the bank's lien and has renewed her objection to Mr. Sargent's claim of exemption which, like the bank's, was not heard or resolved before the case was closed. [175].

---

the residence as the difference between its value at the time of filing, $ 260,000, and the debt secured by a deed to secure debt in favor of Wells Fargo in the amount of approximately $ 225,000. In the current Schedule C, he claims the value of his claimed exemption as "100% of fair market value." Under the current claim of exemption, Mr. Sargent has a claim that, based on the value of the residence at the time of filing, the residence itself is exempt rather than merely his interest in it up to the $ 43,000 that he may claim as exempt under O.C.G.A. § 44-13-100(a)(1). Courts have disagreed as to whether a debtor may claim "100% of fair market value" when the applicable exemption statute limits the exemption to a monetary amount. *See* Drake, et al., *Chapter 13 Practice and Procedure* § 24:4 (2018).

As an initial matter, the Court will reopen this case. Under 11 U.S.C. § 350(b), a bankruptcy court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause." The confirmation order [144 at 4] provides that this Court retains jurisdiction for purposes set forth in the plan. A number of provisions make it clear that the Court may exercise jurisdiction to resolve the disputes that the parties have presented.[7] In these circumstances, appropriate cause exists to reopen the case for purposes of resolving these disputes concerning the terms of the plan, the rights and obligations of the parties, and Mr. Sargent's right to the relief he seeks.

The disputes between Mr. Sargent and the bank over whether the bank retained its lien on the residence under the terms of the Plan and, if so, whether he may now proceed to avoid it (in whole or in part) under § 522(f) are interesting and complicated. The bank's proof of claim does not assert a security interest in the residence or any real property except two commercial properties encumbered by deeds to secure debt in favor of the bank and the debtor's personal property. (Proof of Claim No. 5, at 3, ¶ 3).

The description in the bank's proof of claim of the property that secures its claim does not contemplate that the bank has an interest in any real property other than the two commercial properties. Consistent with this description, the provisions of the Plan for the treatment of the bank's claim (§ 4.5 and Plan Exhibit A [127 at 13, 32-37]) specifically refer to the commercial

---

[7] For example, the plan includes provisions for the Court to retain jurisdiction: "To construe or interpret any provisions in [the] Plan and to issue such orders as may be necessary for the implementation, execution and consummation of this Plan, to the extent authorized by the Bankruptcy Court" (Plan § 12.1.7); "To adjudicate controversies arising out of the administration of the Estate or the implementation of [the] Plan" (Plan § 12.1.8); "To make such determinations and enter such orders as may be necessary to effectuate all the terms and conditions of [the] Plan, including the Distribution of funds from the Estate and the payment of claims" (Plan § 12.1.9); and "To determine any controversies, actions or disputes that may arise under the provisions of [the] Plan, or the rights, duties or obligations of any Person under the provisions of [the] Plan" (Plan § 12.13).

properties and to personal property as securing its claim but do not refer to the residence or other real property. At the same time, however, plan provisions contemplate that the bank will retain its judicial lien until it is paid in full and will release and cancel the lien only when full payment occurs. (Plan Exhibit A, § 3 [127 at 32]).

Similarly, although Mr. Sargent did not reserve any § 522(f) rights by reserving the right to prosecute "Avoidance Actions" in § 13.8 of the plan [127 at 29] (because "Avoidance Actions" under § 2.1.6 [127 at 3] does not include claims under § 522), § 13.8 also provides for the retention of his "Causes of Action," which under § 2.1.14 [127 at 3] includes "any and all of Debtor's actions, suits, . . . and claims . . . ."

The questions with regard to Mr. Sargent's ability to seek § 522(f) avoidance of the bank's judicial lien after confirmation include whether such an action is a reserved "Cause of Action" and, if so, whether its assertion is permissible in view of the provision for treatment of the bank's claim in § 4.5 of the plan [127 at 13] that the term sheet attached as Exhibit A to the plan "shall govern and control in the event of any conflict between said term sheet and any other provisions of this Plan concerning the treatment of HSB's allowed secured claim."

The Court need not address these interpretive difficulties in view of the plan's treatment of Ms. Sargent's Class 10 claim and, specifically, the injunction in § 4.10 that expressly and unequivocally requires Mr. Sargent to pay any net proceeds from the sale of the residence to the bank.

The plan could not be more clear.  The material portion of § 4:10 states [127 at 16] (emphasis added):

> ***Debtor shall be and is hereby restrained and enjoined from*:**  (i) disposing of, transferring, pledging, encumbering (or further encumbering to the extent already

5

encumbered), *selling* or otherwise diminishing his ownership or control (direct or indirect) of *any of his assets owned as of the Effective date, including all real property*, personal property, general intangibles, accounts or ownership in any business, whether incorporated or not, . . . *unless all such net proceeds are used to satisfy the Hamilton Debt* until such time as the Hamilton Debt is satisfied and thereafter to satisfy the Non-Dischargeable Obligations until such time as they are all satisfied. This restriction and injunction shall survive the closing of this Bankruptcy Case and the Bankruptcy Court shall retain jurisdiction to enforce the same.

Under this provision, Mr. Sargent has the obligation to pay the net proceeds from the sale of his residence to the bank. Even if the bank's lien on the residence did not survive confirmation, and even if Mr. Sargent could avoid the lien on the residence under § 522(f), Ms. Sargent is entitled to insist, as she has, that Mr. Sargent pay those proceeds to the bank.

It is true that § 522(c) prohibits subjecting exempt property to the payment of any debt. But a debtor can surely waive this right through a confirmed Chapter 11 plan in connection with negotiations to procure a creditor's acceptance of the plan.

The injunctive provisions of § 4.10 are binding on Mr. Sargent in accordance with § 10.6 of the plan [127 at 25], the confirmation order [144 at 3-4], and 11 U.S.C. § 1141(a).

Because the Court will enforce the plan's injunction, Mr. Sargent's motions to determine whether the bank's lien on the residence survived confirmation and to avoid it under 11 U.S.C. § 522(f) are moot, as are the bank's and Ms. Sargent's objections to his claim of exemptions. To the extent that Mr. Sargent requests damages from the bank, the Court concludes that he is not entitled to damages in view of the determination that the bank is entitled to the proceeds.

In accordance with the foregoing, it is hereby **ORDERED and ADJUDGED** as follows:

1. This Chapter 11 case is reopened pursuant to 11 U.S.C. § 350(b) for the purposes of resolving the matters addressed herein.

2. In accordance with the provisions of § 4.10 of the confirmed Chapter 11 plan of Kevin Allen Sargent, the Court hereby **Orders** that Mr. Sargent immediately take any and all actions necessary or appropriate to cause the distribution of any and all net proceeds from the sale of his residence (96 Windsor Cove, Villa Rica, Georgia) to which he is entitled to Hamilton State Bank.

3. Except as provided herein, Mr. Sargent's Motion to Reopen Bankruptcy Case Pursuant to 11 U.S.C. § 350(b) [157] and his Motion to Avoid Lien Pursuant to 11 U.S.C. § 1141(b) and 11 U.S.C. § 522(f) & Motion to Determine Extent and Validity and Damages [160] are **Dismissed,** as moot. Mr. Sargent's request for damages from the bank is **Denied.**

4. The objections of Hamilton State Bank [169] and Sally A. Sargent [175] to Mr. Sargent's claims of exemption are **Dismissed,** as moot.

**THIS ORDER HAS NOT BEEN PREPARED FOR PUBLICATION AND IS NOT INTENDED FOR PUBLICATION.**

**[End of Order]**

**Distribution List**

Brian R. Cahn
The Historic Bradley Building
5 S. Public Square
Cartersville, GA  30120

Erich N. Durlacher
Burr & Forman, LLP
Suite 1100, 171 Seventeenth Street N.W.
Atlanta, GA  30363

Leslie M. Pineyro
Jones & Walden, LLC
21 Eighth Street, NE
Atlanta, GA 30309

Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Dr. S.W.
Atlanta, GA  30303